# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BARBARA ROESSEL,**

     **Plaintiff,**

**-vs-**                **Case No. 6:15-cv-445-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

     **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for benefits, alleging that she became unable to work on September 30, 2011 (R. 197). The agency denied Plaintiff's applications initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). On July 16, 2013, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled through that date (R. 20-44). The Appeals Council declined to grant review (R. 9-14), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed her Complaint (Doc. 1), and the matter is fully briefed and ripe for review pursuant to 42 U.S.C. §405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to osteoporosis, arthritis, degenerating hip bones, scoliosis, degenerative disc disease, depression, and insomnia (R. 216).

*Summary of Evidence Before the ALJ*

Plaintiff was fifty four years old on the date of the ALJ's decision (R. 39, 197) with a high school education (GED) (R. 217) and past relevant work as a food service supervisor (R. 75, 218, 269).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections.  In addition to the medical records and opinions, the record includes the testimony of Plaintiff and a Vocational Expert; written forms and reports completed by Plaintiff; and opinions from examining and non-examining state agency consultants.

By way of summary, the ALJ determined that the claimant has the following severe impairments: degenerative disc disease of the lumbar spine with radiculitis status post transforaminal lumbar interbody fusion surgery, cervicobrachial syndrome and cervicalgia with radiculopathy, osteoarthritis of the hip, right trochanteric bursitis, chronic pain syndrome, sacroiliitis, and piriformis syndrome (20 CFR 404.1520(c)) (R. 25), but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 28).  The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work (20 CFR 404.1567(b)) defined as lifting/carrying twenty pounds occasionally and ten pounds frequently. In an eight-hour day, she can sit six hours and stand/walk six hours. She requires a sit/stand option every thirty minutes to stretch but she would not be off task more than 10% of the workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps, climb stairs, balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to vibration and workplace hazards.

(R. 28).

Relying on the assistance of the Vocational Expert, the ALJ found there were jobs that existed in significant numbers in the national economy that the claimant could perform (R. 38), and therefore,

the ALJ found Plaintiff was not disabled at any time from September 30, 2011, through July 16, 2013, the date of the decision (R. 39).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments

which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).  The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the *pro se* Plaintiff  has not submitted a brief, but has filed a thirty-one page exhibit (Doc. 23).  Included in the filing is a Disability Report-Appeal form (Doc. 23, pp. 10-16), which is dated April 20, 2015, and references the case number of this action.[1]  According to that form, a change occurred on "April 15th" in that claimant "fell again, lost balance on my feet and fell on tile floor." (Doc. 23, p. 11). Plaintiff claimed to have a new physical condition as of "January," consisting of "bruising and aches, not able to take a single step without holding on to 2 canes or a walker."  *Id.* Plaintiff referenced new medical treatment since November 2014, and has filed what appear to be medical records, all of which are from 2015.  In her Complaint (Doc. 1), Plaintiff seeks a review of her "new evidence," specifically referencing: two MRI's (one dated February 3, 2015 and the other February 4, 2015); a meeting with Dr. Corinne West to discuss the results on February 12, 2015; and a visit with primary doctor Dr. Itani on February 13, 2015 (Doc. 1, p. 3).  It appears, then, that the basis of Plaintiff's appeal is that her condition has worsened and the administrative decision is not supportable, due to this new evidence.

---

[1]Although the form is unsigned, it appears that the form was completed by both claimant and her daughter.

-4-

*Review of New Evidence under Section 405(g)*

Section 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods: (1) under sentence four of the statutory provision, the court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"; or (2) under sentence six, the court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.§ 405(g).  Sentence six and sentence four remands "are designed to remedy separate problems." *Poellnitz v. Astrue*, 349 F. App'x 500, 504 (11th Cir. 2009).   A sentence four remand is appropriate when the evidence was properly before the Commissioner, but was not adequately considered.  *Id.*  Sentence six remands are "available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Id*., citing *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007) (noting that a sentence six remand is the sole means by which a court can remand to the Commissioner to consider new evidence presented for the first time in district court).  Remand to the Commissioner is warranted under sentence six when (1) new, noncumulative evidence exists, (2) the evidence is material,  that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) good cause exists for the claimant's failure to submit the evidence at the administrative level. *Ingram;* see also *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)*.*

Applied here, Plaintiff does not challenge any particular finding of the ALJ and does not contend that evidence before the ALJ was not properly considered.  Instead, she seeks review of new evidence presented for the first time.  As such, relief is only warranted if Plaintiff's showing meets the requirements for a sentence six remand.  Upon review, the Court finds it does not.

The administrative decision determined that Plaintiff was not disabled from September 2011 to July 16, 2013. The "new" evidence tendered by Plaintiff, however, is all from 2015, and these medical records relate to Plaintiff's then-current status. "Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue." *Gordon v. Soc. Sec. Admin., Comm'r*, 625 F. App'x 512, 514 (11th Cir. 2015). As the Eleventh Circuit has explained:

> For evidence to be new and noncumulative, it must relate to the time period on or before the date of the ALJ's decision. See 20 C.F.R. 404.970(b). Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit in a new application, but it is not probative of whether a person was disabled during the specific period under review. *See Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir.1999) (per curiam) (holding that a doctor's opinion one year after the ALJ decision was not probative to any issue on appeal).

*Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 950 (11th Cir. 2010).

Although not addressed by the Commissioner, there is an issue as to whether some of the evidence can be considered as offering a retrospective opinion. A retrospective medical opinion from a treating physician may be relevant, in an appropriate case. As the Eleventh Circuit has noted in unpublished opinion:

> Where the medical record contained a retrospective diagnosis, that is, a physician's post-insured-date opinion that the claimant suffered a disabling condition prior to the insured date, we affirm only when that opinion was consistent with pre-insured-date medical evidence. *See Payne v. Weinberger*, 480 F.2d 1006, 1007-08 (5th Cir.1973) (holding that the ALJ erred in determining that the claimant was disabled when a retrospective diagnosis, along with all other medical evidence, supported a finding of disability); *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir.1998) (ruling that "[a] retrospective diagnosis may be considered only if it is corroborated by evidence contemporaneous with the eligible period" and citing cases from that [sic] First, Second, Eighth, Ninth, and Tenth Circuits that were in accord).

*Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 832 (11th Cir. 2011).

Here, Plaintiff has tendered an opinion letter from her treating doctor, dated September 14, 2015, in which Dr. Itani states:

TO WHOM IT MAY CONCERN:

> In regards to patient Barbara Roessel . . . she is suffering from back pain for many years. Patient has to walk with a cane due to her medical condition. Patient cannot work due to her arthritis. If you have any questions feel free to call our office.

(Doc. 23, p. 1).

The Court does not find that this opinion is due deference as a retrospective opinion of a treating source. While the opinion letter indicates that Plaintiff has had back pain "for many years," there is no indication that the limitation that Plaintiff "cannot work" is meant to apply retrospectively. Rather, the evidence Plaintiff presents shows that her condition has, unfortunately, deteriorated since the relevant time.[2] More importantly, the opinion letter is not corroborated by evidence contemporaneous with the eligible period.  In the administrative decision, the ALJ thoroughly reviewed Dr. Itani's contemporaneous notes and findings regarding Plaintiff's back pain, and considered and discussed Plaintiff's reliance on a cane (R. 29-34), but ultimately did not find Plaintiff to be disabled.  Plaintiff has not shown any reason to disturb that finding, which is supported by the substantial evidence the ALJ cites. As the "new" evidence post-dates the time period at issue and has not been shown to be retrospective in nature, it is not "material" and does not serve to justify a sentence six remand.  *See, generally, Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) ("[w]e review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time" and "[w]hile Dr. Felten's opinion one year later may be relevant to whether a deterioration in Anastasia's condition subsequently entitled her to benefits, it is simply not probative of any issue in this case."); *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604 (11th Cir. 2015) (where evaluation addressed claimant's condition six months after ALJ's decision denying her application for benefits, remand not warranted); *Hubbard v. Comm'r of Soc. Sec.*, 618 F. App'x 643, 651 (11th Cir. 2015) ("The ALJ's decision in this case was rendered on November 30, 2012.

---

[2]She references a treatment visit from February 13, 2015, for example, in which Dr. Itani notes, for the first time, that "Pt also advised to file for disability." (Doc. 23, p. 9).

Therefore, the medical records from 2013 and 2014, purportedly showing a worsening of Hubbard's conditions, are not relevant to the issues in this appeal.").

A final note is in order.  The record shows that Plaintiff is facing some challenges and the Court has no doubt that she is doing the best she can, in current circumstances. Nonetheless, the law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard *during the time period at issue* is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, the decision is affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.**  The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 11, 2016

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-8-